FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01633-BNB

TERRY TYLER,

    Applicant,

v.

BUREAU OF PRISONS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Terry Tyler, is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Petersburg, Virginia. Mr. Tyler initiated this action by filing *pro se* a document titled "Seeking a Writ Pursuant 28 U.S.C. § 2241." On July 22, 2011, Mr. Tyler filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a document titled "Amended for Writ Pursuant to 28 U.S.C. § 2241." Mr. Tyler seeks to be transferred to a federal prison camp.

The Court must construe the documents filed by Mr. Tyler liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of jurisdiction.

"Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). As a result, an application for a writ of

habeas corpus pursuant to § 2241 "must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Tyler is not incarcerated in Colorado; he is incarcerated at a federal prison in Virginia, and he was incarcerated at that prison when he initiated this action. Therefore, Mr. Tyler should have sought relief in an appropriate federal court in Virginia. The instant application in this Court is subject to dismissal for lack of jurisdiction. However, dismissal is not the only option available to the Court:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.

28 U.S.C. § 1631.

The Court finds that a transfer of this action to a federal district court in Virginia would not be in the interest of justice because it does not appear that Mr. Tyler's request for a transfer to a federal prison camp properly is raised in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See* ***Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973); *see also* ***Rhodes v. Hannigan***, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Therefore, the Court will not transfer this action. Instead, the action will be dismissed without prejudice for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for lack of jurisdiction.

DATED at Denver, Colorado, this __28th__ day of ____July____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01633-BNB

Terry Tyler
Reg No. 15253-045
FCI Petersburg
PO Box 1000
Petersburg, VA 23804

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 28, 2011.

                                            GREGORY C. LANGHAM, CLERK

                                 By: _____
                                                    Deputy Clerk