FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01633-LTB

TERRY TYLER,

    Applicant,

v.

BUREAU OF PRISONS,

    Respondent.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Terry Tyler, has filed *pro se* on August 8, 2011, a "Motion to Order Granting Reconsideration" (Doc. #10) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 28, 2011. The Court must construe the motion to reconsider liberally because Mr. Tyler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Tyler's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant habeas corpus action without prejudice for lack of jurisdiction because Mr. Tyler is incarcerated in a federal prison in Virginia and not in Colorado. Mr. Tyler apparently argues in the motion to reconsider that his claim properly is raised in federal court, but he does not address the Court's determination that Mr. Tyler may not pursue habeas corpus relief in the District of Colorado because he is not incarcerated within the District of Colorado.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Tyler fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Order Granting Reconsideration" (Doc. #10) filed on August 8, 2011, is denied.

DATED at Denver, Colorado, this 10th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01633-BNB

Terry Tyler
Reg No. 15253-045
FCI Petersburg
PO Box 1000
Petersburg, VA 23804

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 10, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk